**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JEAN-PAUL WEG., LLC, d/b/a THE WINE CELLARAGE and LARS NEUBOHN, | : : : : | **Civil Action No. 19-14716 (JXN) (LDW)** |
| Plaintiffs, | : : | **MEMORANDUM OPINION AND ORDER** |
| v. | : : | |
| JAMES GRAZIANO, Director of the New Jersey Division of Alcoholic Beverage Control, and MATTHEW J. PLATKIN, Attorney General of New Jersey, | : : : : : | |
| Defendants, | : : | |
| and | : : : | |
| FEDWAY ASSOCIATES, INC., ALLIED BEVERAGE GROUP, INC., OPICI FAMILY DISTRIBUTING and NEW JERSEY LIQUOR STORE ALLIANCE, | : : : : : | |
| Intervenors-Defendants. | : : | |

**NEALS**, District Judge:

This matter comes before the Court on Intervenor-Defendants Fedway Associates, Inc. ("Fedway"), Allied Beverage, Group, Inc., and Opici Family Distributing's (together, the "Allied Defendants") (with Fedway, the "Wholesaler Defendants") motion to reconsider (ECF No. 159) (the "Reconsideration Motion") the Court's Opinion and Order (ECF Nos. 157-58) that: (i) denied Plaintiffs Jean-Paul Weg., LLC, d/b/a The Wine Cellarage and Lars Neubohn's (collectively, "Plaintiffs") motion for summary judgment (ECF No. 102); (ii) denied as moot the Allied Defendants' cross-motion for summary judgment (ECF No. 110-11); (iii) denied as moot Fedway's cross-motion for summary judgment (ECF No. 112); and (iv) granted Defendants James

Graziano and Matthew J. Platkin's (together, the "State Defendants") cross-motion for summary judgment (ECF No. 114).  Plaintiffs opposed the Reconsideration Motion (ECF No. 160) and the Wholesaler Defendants replied (ECF No. 162).  The Court has carefully considered the parties' submissions and decides the matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, the Wholesaler Defendants' Reconsideration Motion (ECF No. 159) is **DENIED**.  However, the Court *sua sponte* modifies the Court's Opinion and Order (ECF Nos. 157-58) to state that the Wholesaler Defendants' cross-motions for summary judgment (ECF Nos. 110-12) are granted pursuant to Federal Rule of Civil Procedure 60(a).

1.      On May 6, 2021, Plaintiffs filed the Third Amended Complaint (ECF No. 83) wherein they allege that New Jersey's statutes and regulations governing the sale and distribution of alcoholic beverages commonly referred to as New Jersey's three-tier system (the "New Jersey System"), is unconstitutional because it "discriminates against wine retailers located outside New Jersey who are engaged in interstate commerce[.]"  (Am. Compl. at 2).  Plaintiffs therein sought a declaratory judgment that the New Jersey System is "unconstitutional as a violation of the Commerce Clause of the United States Constitution[,]" and an injunction in part to prohibit the State Defendants from enforcing the New Jersey System against Plaintiffs.  (*Id.* at pp. 6-7).

2.      On August 22, 2023, the Court entered the Opinion and Order (ECF Nos. 157-58), wherein the Court: (i) granted the State Defendants' cross-motion for summary judgment, dismissing Plaintiffs' Commerce Clause claim (Count One) *with prejudice*; (ii) denied Plaintiffs' motion for summary judgment; and (iii) denied as moot the Wholesaler Defendants' cross-motions for summary judgment.

3.      On September 5, 2023, the Wholesaler Defendants timely moved for

reconsideration on the basis that because the Opinion (ECF No. 157) "relies on evidence the Wholesaler[] [Defendants] submitted in their cross-motions and considered arguments raised by the Wholesaler[] [Defendants][,]" the Court's denial of summary judgment as moot is "inconsistent with the findings and rulings in the Opinion." (Wholesaler Defs.' Ltr. Br. (ECF No. 159-1) at 2).

4.      Under Local Civil Rule 7.1(i), a party may seek reconsideration of an order or judgment by "setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked . . . ." L. Civ. R. 7.1(i).  To prevail on a motion for reconsideration, the moving party must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court" issued the order or judgment; "or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

5.      Reconsideration "is an extraordinary remedy that is to be granted very sparingly." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F.Supp.2d 482, 507 (D.N.J. 2002) (citations and internal quotations omitted).  This is because "[t]he standard of review involved in a motion for" reconsideration is "quite high . . . ." *U.S. v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994) (citation omitted).  To that end, "[t]he Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter." *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F.Supp.2d 475, 478 (D.N.J. 2014) (citations omitted). Here, the Wholesaler Defendants have not demonstrated any factual or legal issue overlooked by the Court that may alter the disposition or that they are entitled to extraordinary relief.

6.      First, the Wholesaler Defendants' letter brief does not demonstrate that

reconsideration is merited under the relevant analysis applied by Third Circuit courts.  (*See, gen.,* Wholesaler Defs.' Ltr. Br.).  Indeed, the only authority cited by the Wholesaler Defendants is Wright, Miller & Copper, 13B *Fed. Prac. & Proc. Juris.* § 3533.2.1 (3d ed.), which according to the Wholesaler Defendants, clarifies when a matter is moot.  (Wholesaler Defs.' Ltr. Br. at 4-5).  Because it neither supersedes nor augments the test applied in considering motions for reconsideration, the Court declines to discuss the treatise here.

7.      Like their letter brief, the Wholesaler Defendants in their reply again fail to set forth the relevant standard to decide a motion for reconsideration.  (*See, gen.,* Wholesaler Defs.' Mem. of Law (ECF No. 162)).  While the Wholesaler Defendants mistakenly contend that the Court should grant reconsideration because their notice of motion cited Local Civil Rule 7.14(i) (ECF No. 159) and the letter brief provides what they believe is information sufficient under the Rule (*see* Wholesaler Defs.' Mem. of Law at 4-6 (quoting L. Civ. R. 7.1(i)), the Court does not grant reconsideration because the Wholesaler Defendants fail to show that any of the factors the Court must consider suggest reconsideration is warranted.

8.      Second, *Rodriguez v. IBP, Inc.*, 243 F.3d 1221 (10th Cir. 2001), which the Wholesaler Defendants appear to suggest requires that reconsideration be entered.  (Wholesaler Defs.' Ltr. Br. at 5).  Here too, the Court declines to discuss the case as it is non-binding and concerns the contempt of a discovery order that is not relevant here.  Moreover, *Rodriguez*: (i) does not express a change in the controlling law; (ii) is not new evidence that was unavailable to the Court; and (iii) fails to suggest that reconsideration is necessary to correct an effort of law, fact, or to prevent manifest injustice.

9.      Third, the Wholesaler Defendants argue that because courts in sister jurisdictions have granted intervenor defendants summary judgment in similar cases (*see* Wholesaler Defs.'

Mem. of Law at 10), the Court should do so here.  The cases cited do not reflect "an intervening change in the controlling law" or "the need to correct a clear error of law or fact or to prevent a manifest injustice."  *Max's Seafood Café by Lou Ann, Inc.*, 176 F.3d at 677 (citation omitted). Indeed, the only case in the District of New Jersey cited is *Freeman v. Fischer*, 563 F.Supp.2d 493 (D.N.J. 2008), which the Wholesaler Defendants note "denied both the State defendants' and the wholesaler defendants' summary judgment motions[.]"  (Wholesaler Defs.' Mem. of Law at 10) (emphasis removed)).  Here, the Court finds that *Freeman v. Fischer* does not require that the Court similarly deny the Wholesaler Defendants' cross-motions here as the case is not "an intervening change in the controlling law[.]"  *Max's Seafood Café by Lou Ann, Inc.*, 176 F.3d at 677 (citation omitted).  Moreover, the holding was vacated and reversed in part on appeal.  *See Freeman[1] v. Corzine*, 629 F.3d 146 (3d Cir. 2010).

10.      In citing *United States v. Heatherly*, 985 F.3d 254, 270[2] (3d Cir. 2021) and *CDK Glob., LLC v. Tulley Auto. Grp., Inc.*, 489 F.Supp.3d 282, 312 (D.N.J. 2020), Plaintiffs oppose the Reconsideration Motion because Wholesaler Defendants failed to cite any authority in support. (Pls.' Mot. at 2, ¶ 1).  The Court agrees and, accordingly, finds that reconsideration is not warranted.  And for all the foregoing reasons, the Wholesaler Defendants' motion for reconsideration (ECF No. 159) is **DENIED**.

11.      Federal Rule of Civil Procedure 60(a) provides that on its own motion, the Court may *sua sponte* modify its Opinion and Order (ECF Nos. 157-58) to "correct a clerical mistake or a mistake arising from oversight or omission . . . ."  The Rule "permits district courts to correct their own mistakes or provide relief from their own judgments, orders or proceedings."  *Hardwick*

---

[1] For clarification, the Court notes that the *"Freeman* case" as described by the Wholesaler Defendants (*see* Wholesaler Defs.' Mem. of Law at 10), is not *Freeman v. Corzine*, 629 F.3d 146 (3d Cir. 2010), which the court analyzed in the Opinion.
[2] Plaintiffs incorrectly cite p. 207, which does not exist.

*v. United States*, 2022 WL 4818890, *1 (D.N.J. Oct. 3, 2022) (citation omitted).

12.      Here, the Court finds that while the Wholesaler Defendants' cross-motions sought relief similar to the State Defendants, the cross-motions were not dependent on the success of the State Defendants' cross-motion for summary judgment (ECF No. 114).  The Court, therefore, *sua sponte* modifies the Opinion and Order (ECF Nos. 157-58) to state that the Wholesaler Defendants' cross-motions (ECF Nos. 110-12) are granted rather than mooted.  The Clerk of Court shall amend the documents to reflect the Wholesaler Defendants' revision proposed in Exhibit B to their reply (ECF No. 162-1) ("Exhibit B").  Specifically, the Clerk of Court shall amend pp. 2 and 27 of the Court's Opinion (ECF No. 157) and p. 2 of the Order (ECF No. 158) as set forth in Exhibit B.  The Court notes such modification does not "affect[] the substantive rights of the parties" (*see Taylor v. Vineland Development School*, 532 F.App'x 93, 94 n.2 (3d Cir. 2013)), because the Court's findings remain unaffected[3].  *See In re Sebela Patent Litig.*, 2020 WL 10964593, *3 (D.N.J. May 2020) (Rule 60(a) motions do not "involve[] an error of substantive judgment.") (citation and internal quotations omitted).

DATED: 10/13/2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

---

[3] Plaintiffs concede that "issuing identical rulings . . . could not have any practical effect on the outcome."  (Pls.' Mot. at 3).